UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY ROBINSON, et al., | No. 2:16-cv-02111-KJM-GGH |
| Plaintiffs, | |
| v. | ORDER |
| STOCKTON UNIFIED SCHOOL DISTRICT, et al. | |
| Defendants. | |

*Introduction and Summary*

    Two motions were on the court's calendar for hearing on December 7, 2017. Defendant Sandoval calendared a Motion to Dismiss or for a More Definite Statement but it was not noticed on the calendar due to a court oversight. Defendant Sandoval was, therefore, understandably not represented at the hearing but his motion was taken under submission and will be addressed in this Order. The Stockton Unified School District defendants calendared their own Motion to Quash or Dismiss. Both matters were scheduled to be heard on April 6, 2017.

    On June 13, 2017 the court gave notice that due to the complexity of the substantive and procedural issues in this case he had submitted the case to the pro bono panel in an effort to locate counsel to represent plaintiffs. ECF No. 32. On August 24, 2017, counsel Kellin Patterson was identified by the pro bono panel chair and appointed to represent plaintiffs. ECF No. 33. This hearing was then scheduled. Attorney Patterson attended the hearing. The matters originally

scheduled to be heard November on this date were then renoticed on the December 7 calendar. ECF No. 35. Kellin Patterson appeared on behalf of plaintiffs and the San Joaquin defendants were represented by counsel Jason Sherman and Marci Arredondo.

*Plaintiff's Complaint*

In brief (as opposed to the length of the Complaint), there was an incident at Jane Frederick High School located in the defendant Stockton Unified School District attended by plaintiff Cara Robinson[1], the daughter of plaintiffs Ronny and Carolyn Hawkins Robinson-- on September 16, 2014, a student had her cell phone stolen. Plaintiff Cara Robinson (hereafter "Cara") was arrested at the school on September 18, 2014 by defendant Sandoval, a Stockton police officer, on the ground she had been reported to be a person who instigated the theft, see ECF No. 1 at Exhibit 3, and was confined in a Juvenile Hall for five nights and four days. Allegedly Cara was prevented from continuing her education in the District based on her arrest and removal from the school without any prior hearing on the action taken. Cara has consistently claimed innocence of the actions for which she was arrested. Id. On September 21, 2014 the Stockton Juvenile Court prosecutor dismissed Cara on the ground there was no evidence to support further action. Id. at 27. The complaint names both Cara and her parents, Ronny and Caroline Robinson as plaintiffs.

Plaintiffs seek damages for denial of due process and the infliction of emotional damages. They seek damages for a denial of due process under 28 U.S.C. section 1983 and for pendent state claims for emotional distress.

*The Pending Motions*

  A. MOTION TO QUASH

The Motion to Quash is brought by all defendants employed by or associated with the Stockton Unified School District, but not Defendant Sandoval, on the ground that the Complaint was never properly served.[2]

---

[1] Plaintiff was a minor at the time the complaint was filed and therefore was identified in the caption by her initials only. She has now reached adulthood and henceforth her name should appear as a party plaintiff on all further pleadings.

[2] These defendants also request judicial notice as to the specific individuals who must be served

In the initial scheduling order sent out after the Complaint was filed, Plaintiffs were given 90 days to complete service. ECF No. 3. No return of service was made within this time period and an order to show cause was issued. ECF No. 4. Plaintiff did respond, ECF No. 4, pleading pro se inexperience, and returns of service, alleging "personal delivery" to not specifically listed defendants was filed with the court. In their Motion to Quash, defendants refute the idea of personal delivery (except as to two defendants), and generally point out that the service of the complaint (incomplete in itself) was the only documents served, no summons or other court documents were included.

Although the service itself on defendants Dee Alimbini and Christopher Anderson was close to being perfected insofar as the place of business of those defendants was served, and followed up with mail service, see, Cal.Code Civ.P 415.20, there can be no doubt that the documents which were required to be served were not all served, and the service itself was generally improper. Because of the undersigned's ultimate resolution of the Motions to Quash, no good would come out of a lengthy dissertation on service law at this time. However, the fact remains that no perfected service was made within the terms of either the court order or Rule 4(m).

Rule 4(m) provides:

(c) Service.

  (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

                                                   ****

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service

---

to perfect service in this case relying both on a Declaration of Counsel naming the individuals and by reference to the District web site where school officials are identified by title and location.

3

for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Even by the words of the rule itself, dismissal of the action is not invariably required if service is not perfected within 90 days. The law regarding dismissal, or not, is well set forth in In re Sheehan, 253 F.3d 507, 511-512 (9th Cir. 2001):

> A. Good Cause Under Rule 4(m)
>
> ****
>
> When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis. *Cartage Pac., Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 882 (9th Cir.BAP1995). We have recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). In Boudette, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.1987)).
>
> ****
>
> B. Discretion Under Rule 4(m)
>
> ****
>
> Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice. *Petrucell*i, 46 F.3d at 1305. Although the rule does not contain the discretionary term "may," it requires that, absent good cause, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m) (West Supp.2000). We have not addressed what factors a court should consider when deciding to exercise its discretion under Rule 4(m). *See Barr v. Barr (In re Barr)*, 217 B.R. 626, 630 (Bankr.W.D.Wash.1998).
>
> We find it unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m). We note only that, under the terms of the rule, the court's discretion is broad. *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (adopting a

4

deferential standard for reviewing Rule 11 sanctions based on factual determinations).

See also Tagata v. Schwarz Pharma, 2014 WL 12642791 (D. Ariz. 2014).

All three criteria of "good cause" are met here. At least plaintiff tried to serve, and all defendants received notice, thus they are not prejudiced in any significant way by the lack of timely service, and plaintiffs, especially Cara, would be very prejudiced by a dismissal here in that the two year statute of limitations generally applicable to 42 U.S.C. section 1983 actions would preclude a timely refiling of the action. In addition, a good part of the litigation time in this case was expended in locating counsel for what on its face appears to be a potentially colorable action, at least in part.

The undersigned could make this section a "Findings and Recommendation" indicating that the Motions to Quash should be denied, but there is a more expeditious way to act by order. As indicated in Sheehan, the court has *broad discretion* to simply order an extension of time to serve properly. Now that plaintiffs have counsel, this appropriate service should be able to take place. For the same "good cause" reasons as set forth above, the undersigned orders service of an amended complaint, complete with summons, see below, within 45 days of the filed date of this order. This is the last extension for service which the court will grant barring extraordinary circumstances.

B. *MOTION TO DISMISS/MORE DEFINITE STATEMENT* (All Defendants)

As seen above, the undersigned was able to discern the gist of plaintiffs' complaint. However, as a threshold matter it is clear that the Complaint will have to be amended as it is a compendium of allegations and exhibits running to 108 pages that are not rationally organized and could not be characterized as "a short and plain statement" of the facts and claims. Under Fed. R. Civ. P., Rule 8, a pro se's pleadings are given more latitude than are those drafted by an attorney, and the court may not dismiss without leave to amend unless it appears to the court that the plaintiff will be unable to prove any set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2015).

Even under this more relaxed standard, however, plaintiff is bound to adhere to the Federal Rules of Civil Procedure in making his claims. Plaintiffs now have counsel and the defects should be resolved in an amended complaint.

*Proper Plaintiffs*

Counsel for the County defendants argued that while Cara may ultimately be able to plead claims against them, neither Ronny nor Caroline Robinson can do so insofar as any impact upon them was indirect, i.e., a reaction to the deprivation of their child's rights. The court will not state an opinion on this argument at this time until after newly appointed counsel has an opportunity to draft a new complaint in which he will either address the issue and state a proper claim on behalf of the parents, or delete them from the complaint going forward. Counsel shall also make a good faith determination of what plaintiffs may appear herein, and what defendants, out of the long list thus far, may be potentially liable.

*Conclusion*

Plaintiff has 45 days in which to file and serve an amended complaint. Failure to adhere to this deadline may well result in a dismissal of this action.

Dated: March 12, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE